IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARLA ANTOINETTE WILLIAMS, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  1:11-CV-1067-MEF (WO) |
| DOUGLAS ALBERT VALESKA, *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 15, 2011, Plaintiff Marla Antoinette Williams, *pro se*, filed this 42 U.S.C. § 1983 action on her own behalf and on behalf of minors J.J.A.W. and J.A.W, who are her children.  Williams contends that the Defendants violated her constitutional rights and the constitutional rights of J.J.A.W and J.A.W. by enforcing the Alabama Community Notification Act ("CNA"), Ala. Code 1975 § 15–20–20, *et seq*., against a sex offender who is Williams's husband and the father of the minors.  Williams requests compensatory and punitive damages and declaratory and injunctive relief.  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I. Standard of Review**

In evaluating *pro se* claims, a court must construe the pleadings liberally and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th

Cir.1998).

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which is not restricted to prisoner complaints.  *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("find[ing] no error in the district court's dismissal of the complaint" of a nonprisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(ii));[1] *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."); *see also Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009); *Lopez v. Smith*, 203 F.3d 1122, 1126, 1129 (9th Cir. 2000) (although *in forma pauperis* provisions in the Prison Litigation Reform Act were intended to cut down on prisoner lawsuits, "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997) (holding that, in contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) ("28 U.S.C.A. § 1915(e) ... governs IFP filings in addition to complaints filed by prisoners."); *Crews v. United States*, 38 Fed. Cl. 10 (1997) (reviewing

---

[1] *Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915.  *Troville*, 303 F.3d at1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("[T] he defendants correctly explain that *Troville* did not involve a prisoner.").

the legislative history of § 1915 and pertinent case law, concluding that § 1915 applies to

cases filed by nonprisoners, and finding that "[a]ny other interpretation is inconsistent with

the purpose of the Prison Litigation Reform Act of 1995 and with the statutory scheme of 28

U.S.C. § 1915").

Section 1915(e)(2) requires a district court to dismiss the complaint of a party

proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

damages from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B)(i)-(iii).

A trial court has discretion to dismiss a complaint for frivolity pursuant to §

1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous

if it is "without arguable merit either in law or fact." *Id*.

The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6)

apply to dismissal for failure to state a claim upon which relief can be granted under 28

U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). A

complaint may be dismissed under Rule 12(b)(6) if the facts as pled do not state a claim for

relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950 (explaining "only

a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *see also Erickson v. Pardus*, 551 U.S.

89, 93 (2007) (applying *Twombly* to a *pro se* complaint). In *Twombly*, the Supreme Court

emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

## II. The Plaintiff's Complaint

Liberally construed, Williams's complaint alleges the following:

Williams resides with her two minor children, J.J.A.W. ("the minor victim") and J.A.W. (Doc. 1¶¶ 1-3). Williams's husband ("the sex offender"), who is also the father of Williams's two minor children, pled guilty to two counts of sodomy in the second degree. (Doc. 1, p. 4). The victim was J.J.A.W. (Doc. 1, ¶ 2 & pp. 4-5).

According to the complaint, the sex offender is now in prison as a direct result of violating the Alabama Community Notification Act ("CNA"), Ala. Code 1975, § 15-20-20 *et seq*. (Doc. 1, p.4; *see also Williams v. Valeska*, Case no. 1:11-cv-01017-TMH-CSC,[2] Doc. 6 (alleging that, on April 20, 2011, the sex offender was sentenced to two concurrent seven-year sentences of imprisonment for the underlying sexual offences, but the sentence was suspended and the sex offender was placed on probation; the sex offender was later arrested

---

[2] *Williams v. Valeska,* Case no. 1:11-cv-01017-TMH-CSC, is a related case that was filed by the sex offender. The sex offender's complaint is nearly identical to Williams's complaint. *See Williams v. Valeska,* Case no. 1:11-cv-01017-TMH-CSC Doc. 2. On March 5, 2012, the court dismissed Case no. 1:11-cv-01017-TMH-CSC on grounds that the sex offender's complaint constituted an improper collateral attack on the revocation of the his probation. *Williams v. Valeska*, Case no. 1:11-cv-01017-TMH-CSC, Docs. 13-15.

on July 28, 2011 for a CNA violation "for coming to his wife's home" while the victim was

present, and, as a result of the CNA violation, his probation was subsequently revoked in

August 2011)).

Williams states that she "accepts and understands the provisions of the CNA are

applicable to [the sex offender] pursuant to" the sex offender's conviction for sodomy of the

minor victim. (Doc. 1 p. 5). However, Williams argues that the Defendants have unlawfully

conspired to apply the CNA to

> (1) prevent Williams and J.A.W. "from ever residing with" the sex
> offender; and
>
> (2) prohibit Williams and both of the minor children from visiting with or
> communicating with the sex offender.

(Doc. 1 p. 5).

Williams argues that, thus applied, the CNA violates the Plaintiffs' fundamental due

process right to familial association. (Doc. 1 pp. 5-6).

### III. Discussion

### A. Pro Se Claims on Behalf of Minor Children

"Parents who are not attorneys may not bring a *pro se* action on their child's behalf

– because it helps to ensure that children rightfully entitled to legal relief are not deprived of

their day in court by unskilled, if caring, parents." *Devine v. Indian River County Sch. Bd.*,

121 F.3d 576, 582 (11th Cir.1997), *overruled on other grounds by Winkelman v. Parma City*

*Sch. Dist.*, 550 U.S. 516 (2007); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir.

2008) ("[W]hile ... Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, Fed. R. Civ. P. 17(c), a non-lawyer has no right to represent a child in an action in the child's name."); *Williams v. Monroe County Bd. of Educ.*, No. 07-0561-CG-B, 2009 WL 1767658 (S.D. Ala. June 23, 2009). Thus, any claim asserted by Williams purporting to proceed *pro se* on behalf of her minor children "necessarily fails." *Whitehurst*, 306 Fed. Appx. at 449. Because it is futile for Williams to attempt to pursue claims *pro se* on her children's behalf, the claims Williams purports to assert on behalf of J.A.W. and the minor victim are due to be dismissed without prejudice pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(I).

**B.      Williams's Familial Association Claims**

Alabama's community notification laws are directed at the sex offender as an immediate consequence of the sex offender's unlawful conduct; Williams's familial association rights are only incidentally affected by the fact that her husband is subject to the law. Thus, Williams lacks standing to assert a familial association claim challenging the operation of Alabama's community notification law. "[O]nly the person toward whom the state action was directed, and not those incidentally affected, may maintain a § 1983 claim [for a violation of the familial association right]."[3] *Manarite v. City of Springfield*, 957 F.2d 953, 960 (1st Cir.1992) (quoting *Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir.1991) (emphasis

---

[3]The court notes that, if the law was otherwise, every family member of every person incarcerated in this country could bring a claim against the government for interfering with the right to familial association.

omitted)).  *Cf. Miller v. Riley*,  37 So. 3d 768, 773 (Ala. 2009) ("Assuming, without deciding,

that each of [the sex offender's adult] siblings has a constitutionally protected right to reside

with [the sex offender], we nonetheless conclude that [the sex offender's adult] siblings lack

standing to maintain a claim in this action under § 1983. . . . The plaintiffs present no

evidence showing that the state action they allege violates their respective rights to familial

association, namely, the enforcement against [the sex offender] of the residency restrictions

of the CNA applicable to adult criminal sex offenders, is directed at their familial

relationship.").  Because Williams lacks standing to challenge the operation of Alabama's

community notification law, the court lacks jurisdiction over her complaint.

Moreover, even if Williams could somehow satisfy the standing requirement on the

basis of her assertion that the authorities are using the CNA to directly target, "punish," and

"divorce" the family rather than the sex offender  (Doc. 1, pp. 5-6), Williams's complaint is

due to be dismissed under § 1915 because it fails to state a claim upon which relief can be

granted.  Williams alleges that the CNA violates her fundamental due process rights to

familial association.  Effective July 1, 2011, the CNA was repealed by the Alabama Sex

Offender Registration and Community Notification Act, Alabama Act No. 2011-640, § 49,

Ala Code § 15-20A-1 *et seq*. Thus SORCNA, not the CNA, was in effect at the time of the

alleged violation that resulted in the revocation of the sex offender's probation. *See* Ala.Code

1975§ 15–20–20 *et seq*.; Ala Code § 15-20A-1 *et seq*.  Williams fails to state a complaint

upon which relief can be granted because she challenges the constitutionality of a statute that

was no longer in effect at the time of the events that form the basis of her claims.[4]  *See*

*Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1309

(11th Cir. 2000) ("There must be a present, live controversy in order to avoid advisory

opinions on abstract propositions of law." (citations and internal quotation marks omitted)).

### IV. Conclusion

Upon consideration of the motion for leave to proceed *in forma pauperis* (Doc. 2), and

for good cause, it is

**ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) be and

is hereby **GRANTED**.

Further, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.   The complaint be **DISMISSED** without prejudice in accordance with the directives

of 28 U.S.C. § 1915(e)(2)(B); and

2.   This case be **DISMISSED** prior to service of process in accordance with the

---

[4]The CNA and SORCNA are substantially alike in restricting the sex offender's ability to reside with or communicate with the minor victim and the minor victim's family members, and in prohibiting the sex offender from coming within 100 feet of the minor victim. *See* Ala.Code 1975§ 15–20–20 *et seq.*; Ala Code § 15-20A-1 *et seq*.  To the extent that Alabama law limits the sex offender's ability to communicate with the family, to come within 100 feet of the minor victim, or to reside with the minor victim or the family, the law incidentally affects the family's ability to receive such communications or visits and to reside with the sex offender.  However, in her complaint, Williams expressly acknowledges that the sex offender is subject to the CNA, and Williams "accepts and understands the provisions of the CNA are applicable to the [sex offender] pursuant to" a conviction for sodomizing the minor victim.  (Doc. 1 pp. 4-5).  Thus, even if Williams were to amend her complaint to assert her familial association claim under SORCNA, the court would conclude that the complaint is nonsensical, frivolous, and fails to state a claim upon which relief could be granted.  *See Troville v. Venz*, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (holding that § 1915(e)(2)(B)(ii) allows a district court to dismiss an in forma pauperis complaint for failure to state a claim unless leave to amend is required by Fed. R. Civ. P. 15); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that leave to amend is not required by Rule 15 "where amendment would be futile").

provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

**ORDERED** that the parties are **DIRECTED** to file any objections to the Recommendation on or before March 26, 2012. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of March, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9
